# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:15-CV-119-MR-DCK

| | |
|---|---|
| CHARLES DEAN WILLINGHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| AHOPE STAFFS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Motion To Dismiss By Homeward Bound Of Western North Carolina, Inc., For 'AHOPE Staffs'" (Document No. 29). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the motion, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

## I. BACKGROUND

*Pro se* Plaintiff Charles Dean Willingham ("Plaintiff" or "Willingham") initiated this action with the filing of a "Form To Be Used By Prisoners In Filing A Complaint Under The Civil Rights Act, 42 U.S.C. § 1983" (Document No. 1) (the "Complaint") on or about June 19, 2015. Plaintiff's "Complaint" is difficult to comprehend. (Document No. 1). Plaintiff names multiple Defendants but seems to primarily assert that the City of Asheville has improperly denied him housing based on a failure to meet certain criteria. (Document No. 1, p.3). Plaintiff further alleges "hate crimes" and "slander," but without any specific factual support. (Document No. 1, p.4). The requested relief is also unclear, but seems to include a demand for "860 million dollars." Id.

On August 31, 2015 and September 21, 2015, Plaintiff filed Notices Of Dismissal (Document Nos. 18 and 23), effectively indicating that he was dismissing all Defendants, except "AHOPE Staffs."

Homeward Bound of Western North Carolina, Inc. ("Homeward Bound") filed an "Answer" (Document No. 15) on August 21, 2015, and then an "Amended Answer…" (Document No. 28) and the pending "Motion To Dismiss…" (Document No. 29) on November 3, 2015. Those documents assert that Homeward Bound has been improperly identified as "AHOPE Staffs." See (Document Nos. 28 and 29). Homeward Bound seeks dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (3), (4), (5), and (6). (Document Nos. 29 and 30).

The undersigned *sua sponte* issued a Roseboro Notice advising Plaintiff of his right to respond to the pending motion to dismiss on or before November 20, 2015, and further warning Plaintiff that "[f]ailure to file a timely and persuasive response will likely lead to the dismissal of this lawsuit." (Document No. 31).

To date, Plaintiff has failed to file any response to the pending motion to dismiss. In fact, Plaintiff has failed to make any filing since voluntarily dismissing all other Defendants on September 21, 2015.

The pending motion is now ripe for review and a recommendation to the Honorable Martin Reidinger.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A

complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

The pending motion primarily seeks dismissal pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, as explained in Homeward Bound's "Memorandum Of Law In Support…" (Document No. 30). The undersigned finds the motion to

dismiss to be persuasive. (Document Nos. 29 and 30). In particular, the undersigned finds that it is difficult, if not impossible, to determine what claims Plaintiff is actually asserting, and against whom. As argued by Homeward Bound, the Complaint fails to "allege any factual allegations against AHope, and AHope does not otherwise appear to be mentioned at all in the body of Plaintiff's Complaint." (Document No. 30, p.3). Even liberally construed, Plaintiff's Complaint completely fails to allege sufficient factual content to support a plausible claim against AHOPE Staffs or Homeward Bound.

The undersigned also finds the following argument from Homeward Bound to be compelling:

> AHope is not a proper party to a lawsuit but a "program of Homeward Bound of Western North Carolina, Inc., a 501(c)(3) non-profit corporation." *Order* [#22, p.2] As a non-profit, Homeward Bound's mission is "working with others to end the cycle of homelessness." Among its other efforts to fulfill this mission, Homeward Bound offers AHope Day Care Center ("AHope") as a program to offer access to showers, phones, a mailing address and other support to help those who are still homeless to begin the process from homelessness to permanent housing. Plaintiff's stated objective of obtaining housing is not furthered by suing AHope and, more importantly, his complaint does not contain any factual allegations that could legally support a claim against either AHope or Homeward Bound.

(Document No. 30, p.5).

In addition, the undersigned finds that Plaintiff's failure to participate in this lawsuit, despite the Roseboro Notice warning him that failure to file timely and persuasive responses would likely lead to dismissal, warrants dismissal for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Finally, the undersigned notes that this Plaintiff filed a similar Complaint on May 1, 2015, against two of the same Defendants in this action. Willingham v. Logan, 1:15-CV-086-MR-DLH (W.D.N.C. May 1, 2015). In that case, the Court dismissed Plaintiff's Complaint pursuant to 28

U.S.C. § 1915(e). 1:15-CV-086-MR-DLH (Document No. 3, pp.3-4). The Court noted that Plaintiff brought suit against two employees of the City of Asheville Housing Authority, alleging discrimination. Id. The Court stated there, as the undersigned concludes in this action, that Plaintiff only offered conclusory assertions without plausible factual allegations to support his claim. Id. Moreover, the Court asserted that "Plaintiff's allegations are frivolous and malicious and fail to state a claim for housing discrimination." Id. (citing McCleary-Evans v. Md. Dept. Transp., ___ F.3d ___ No. 13-2488 (4th Cir. Mar. 13, 2015)).[1]

Based on the foregoing, the undersigned will recommend that Plaintiff's Complaint against the remaining Defendant "AHOPE Staffs" be dismissed, and this action closed.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the "Motion To Dismiss By Homeward Bound Of Western North Carolina, Inc., For 'AHOPE Staffs'" (Document No. 29) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the

---

[1] It appears that Plaintiff has filed several lawsuits in this Court in recent years that have been summarily dismissed. See Willingham v. Cline, 1:13-CV-181-FDW, 2013 WL 4774789 (W.D.N.C. Sept. 5, 2013); Willingham v. Watkins, 1:13-CV-169-FDW, 2013 WL 3466872 (W.D.N.C. July 10, 2013); Willingham v. Summers, 1:12-CV-336-RJC, 2013 WL 3710893 (W.D.N.C. July 12, 2013); Willingham v. Buncombe Co. Correctional Center, 1:12-CV-383-RJC, 2013 WL 160220 (W.D.N.C. Jan. 15, 2013); Willingham v. Crutchfield, 1:12-CV-324-RJC, 2012 WL 5897185 (W.D.N.C. Nov. 21, 2012); Willingham v. Pittman, 1:06-CV-362-GCM, 2006 WL 3248148 (W.D.N.C. Nov. 7, 2006); Willingham v. Avery Mitchell Correctional Institute, 1:06-CV-006-GCM (W.D.N.C. Jan. 20, 2006).

District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk of Court is directed to send a copy of this Memorandum And Recommendation to Plaintiff by certified U.S. mail, **return receipt requested**.

**IT IS SO RECOMMENDED**.

Signed: December 16, 2015

David C. Keesler
United States Magistrate Judge